UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY PLATSKY,<br><br>                              Plaintiff,<br><br>                v.<br><br>LIFELINE SUPPORT CENTER,<br><br>                              Defendant. | 24-CV-4929 (RA)<br><br>ORDER OF DISMISSAL |

RONNIE ABRAMS, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action alleging that Defendant Lifeline Support Center violated Federal Communications Commission ("FCC") regulations by terminating Plaintiff's participation in the Lifeline program. By order dated September 3, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an IFP complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court must be mindful that a *pro se* litigant's pleadings are to be construed liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpreted to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Henry Platsky brings this action against Lifeline Support Center, invoking the Court's federal question jurisdiction. Plaintiff alleges that Lifeline Support Center violated FCC regulations by improperly terminating his participation in the Lifeline program, which provides free mobile phone service to qualifying consumers. Plaintiff further alleges that Lifeline Support Center "is the consumer arm of the Universal Service Administrative Company[.]"

## DISCUSSION

The Universal Service Administrative Company ("USAC") is the "permanent Administrator of the federal universal service support mechanisms." 47 C.F.R. § 54.5; *see also* 47 C.F.R. § 54.701. The Lifeline program, from which Plaintiff alleges he was improperly terminated, is one such mechanism. *See* 47 C.F.R. § 54.401. Pursuant to 47 C.F.R. § 54.719, "[a]ny party aggrieved by an action taken by the Administrator . . . must first seek review from the Administrator[,]" and may then seek review from the FCC. In this context, these administrative procedures "are a prerequisite to judicial review of any FCC regulatory action." *Self v. BellSouth Mobility, Inc.*, No. 2:98-CV-02581-JEO, 2006 WL 8437245, at *6 (N.D. Ala. Sept. 29, 2006).

Plaintiff does not allege that he exhausted his administrative remedies before filing this action. The claim is therefore dismissed without prejudice to Plaintiff's filing a new action after exhausting his administrative remedies in the manner set forth above.

## CONCLUSION

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice.

SO ORDERED.

Dated:   September 11, 2024
         New York, New York

_____
RONNIE ABRAMS
United States District Judge

3