UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY PLATSKY,

                           Plaintiff,

                v.

LIFELINE SUPPORT CENTER,

                           Defendant.

24-CV-4929 (RA)

ORDER OF SERVICE

RONNIE ABRAMS, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action alleging that Defendant Lifeline Support Center violated Federal Communications Commission ("FCC") regulations by terminating his participation in the Lifeline program. By order dated September 3, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On September 11, 2024, the Court dismissed the complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Plaintiff's filing a new action after exhausting his administrative remedies. *See* ECF No. 6. On November 13, 2024, Plaintiff filed a motion to reopen the case and to amend his complaint to include allegations pertaining to the exhaustion of administrative remedies. *See* ECF No. 7. The Court granted that motion on November 19, 2024, *see* ECF No. 8, and Plaintiff filed an amended complaint on December 26, 2024 *see* ECF No. 9.

### DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).  To allow Plaintiff to effect service on the defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Lifeline Support Center, complete the USM-285 form with the address for the defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[2]

SO ORDERED.

Dated:    January 3, 2025
          New York, New York

_____
RONNIE ABRAMS
United States District Judge

---

[2] If Plaintiff consents to receive documents by email, he will no longer receive court documents by regular mail.

## DEFENDANT'S SERVICE ADDRESS

Universal Service Administration Company
Attn: Lifeline Support Center
700 12th Street, NW
Suite 900
Washington, DC 20005

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City              State            Zip Code

_____
Telephone Number               E-mail Address

_____
Date                           Signature