UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY PLATSKY,

                          Plaintiff,

            v.

LIFELINE SUPPORT CENTER,

                          Defendant.

24-CV-4929 (RA)

MEMORANDUM
OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Henry Platsky, proceeding *pro se*, brings this action alleging Defendant Universal Service Administrative Company ("USAC")—misnamed in this action as "Lifeline Support Center"—violated Federal Communications Commission ("FCC" or "Commission") regulations by terminating his participation in the Lifeline program. For the reasons that follow, Mr. Platsky's Amended Complaint is dismissed for failure to exhaust administrative remedies.

**BACKGROUND**

Under the Lifeline program, low-income consumers receive a discount on telephone and broadband Internet access service through a government subsidy. *See generally* 47 C.F.R. §§ 54.401. The program was created and is governed by regulations promulgated by the FCC. *See Nat'l Lifeline Assoc. v. FCC*, 983 F.3d 498, 503 (D.C. Cir. 2020) (explaining the structure of the Lifeline program). USAC is the "permanent Administrator of the federal universal service support mechanisms," including the Lifeline program, 47 C.F.R. § 54.701, and is charged with, among other responsibilities, "disbursing universal service support funds" to individuals and participating carriers. *Id.* § 54.702; *see Schipke v. Tracfone Wireless, Inc.*, 146 F. Supp. 3d 455,

457 (D. Conn. 2015).  USAC "is a private, not-for-profit corporation owned by an association of carriers." *FCC v. Consumers' Rsch.*, 606 U.S. 656, 669 (2025).[1]

Mr. Platsky alleges that, after repeated attempts to apply for the Lifeline program, he was "granted eligibility for [L]ifeline services" in 2023 and, in September 2023, received a "free [L]ifeline phone" from SafeLink, a phone carrier.  Dkt. 9 ("Am. Compl.") at 2–3.  After certain "issues" regarding his phone arose, Mr. Platsky states that he was informed by SafeLink that he had not, in fact, been receiving benefits under the Lifeline program and had, instead, been receiving benefits under the Affordable Connectivity Program, "a related but less generous program." *Id.* at 3.  When he checked with USAC, Mr. Platsky found that his Lifeline "status had been terminated" and alleges that USAC informed him that he had never "had [L]ifeline service." *Id.*

Mr. Platsky then made an "informal complaint" with the FCC regarding the "wrongful termination" of his Lifeline benefits, to which he says USAC failed to respond.  *Id.* at 3–4.  He states that he "had the option of escalating to a formal complaint with the FCC," which entailed a filing fee of several hundred dollars, or taking his "complaint to federal court." *Id.* at 4.  Mr. Platsky filed his Complaint on June 20, 2024.  *See* Dkt. 1 ("Compl.").

On September 11, 2024, the Court dismissed Mr. Platsky's Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and with leave to amend, for failure to exhaust his administrative remedies.  Dkt. 6 ("Op."), at 2.  Mr. Platsky filed an Amended Complaint on December 26, 2024.  USAC now moves to dismiss the Amended Complaint, on the basis that Mr. Platsky has still not exhausted his administrative remedies, and that his claim is otherwise unripe.  Dkt. 16 ("Def's Mot.").  Mr. Platsky timely opposed USAC's motion, Dkt. 22 ("Pl's Opp'n"), to which USAC replied.  Dkt. 23 ("Def's Repl.").

---

[1] Unless otherwise indicated, quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Courts must therefore accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  At this stage, "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).  Courts "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

**DISCUSSION**

Although Mr. Platsky does not state a cause of action for his claim, the Court understands him to be alleging that USAC's revocation of his Lifeline program benefits was arbitrary and capricious under the Administrative Procedure Act ("APA").  *See* 5 U.S.C. § 706(2)(A).  The gravamen of his Amended Complaint is that, because he is otherwise eligible for Lifeline benefits, USAC failed to follow applicable FCC regulations when it revoked those benefits without explanation.  *See* Am. Compl. at 1.  "An agency action may be arbitrary and capricious" under the APA if the agency "fail[s] to follow [its] own procedures and regulations." *N.B. v. United States*, 552 F. Supp. 3d 387, 398 (E.D.N.Y. 2021); *see Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020).

For the purposes of this motion, the Court assumes, without deciding, that USAC is an agency subject to APA review.  *See Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of N.Y.*,

762 F. Supp. 3d 247, 276 (S.D.N.Y. 2025) (discussing the standards under which private organizations may be deemed agencies subject to APA review). As relevant here, however, USAC clearly exercises authority delegated to it by the Commission in administering the Lifeline program. *See Consumers' Rsch.*, 606 U.S. at 668–670; *Wis. Bell, Inc. v. United States ex rel. Heath*, 604 U.S. 140, 143–44 (2025).

Under the review provisions created by FCC regulations, any party aggrieved by an action taken by the Administrator"—that is, USAC—"must first seek review from the Administrator." 47 C.F.R. § 54.719(a). "Any party aggrieved by an action taken by the Administrator, after seeking review from the Administrator, may then seek review from the Federal Communications Commission." *Id.* § 54.719(b). FCC review may be taken by the Wireline Competition Bureau or the Commission itself. *Id.* §§ 54.722–54.724.

As the Supreme Court has stated, the APA itself does not contain an administrative exhaustion requirement. "The exhaustion doctrine continues to apply as a matter of judicial discretion in cases not governed by the APA. But where the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review *only* where expressly required by statute or where an agency rule requires appeal before review and the administrative action is made inoperative pending that review." *Darby v. Cisneros*, 509 U.S. 137, 154 (1993) (emphasis in original). That is to say, if Mr. Platsky is suing under the APA, he must only exhaust his administrative remedies if required by statute or agency rule.

Such a requirement exists in the Communications Act, which, in Section 405, "codif[ies] the exhaustion of administrative remedies doctrine, which requires those challenging" actions taken by the Commission or to entities to which the Commission's authority is delegated "to give the FCC a fair opportunity to pass on a legal or factual argument." *Busse Broad. Corp. v. FCC*,

4

87 F.3d 1456, 1460 (D.C. Cir. 1996); *see* 47 U.S.C. § 405; *Wash. Ass'n for Television and Children v. FCC*, 712 F.2d 677, 681 (D.C. Cir. 1983) ("We understand these cases, however, as implicitly interpreting § 405 to codify the judicially-created doctrine of exhaustion of administrative remedies."). This requirement is reenforced by 47 U.S.C. § 155(c), which mandates that a party challenging a decision made by an entity to which the FCC's authority has been delegated must file "an application for review" by the Commission as a "condition precedent to judicial review of any order, decision, report or action made or taken" pursuant to that delegated authority. *See Richman Bros. Records, Inc. v. FCC*, 124 F.3d 1302, 1303 (D.C. Cir. 1997) ("[Section 155(c)] makes the filing of an application for review by the Commission a condition precedent to judicial review of a decision taken pursuant to delegated authority."). Accordingly, at least one case examining the review provisions available to beneficiaries of the Lifeline program has concluded that they must be exhausted before review of a USAC decision is available in federal court, regardless of the cause of action. *Self v. BellSouth Mobility, Inc.*, 2006 WL 8437245, at *6 (N.D. Ala. Sept. 29, 2006). The Court agrees.

Therefore, as the Court explained in its September 11, 2024 Order, Mr. Platsky is required to first attempt to resolve his dispute with USAC directly, then with the FCC, before suing in federal court. Op. at 2. Because he has not yet done so, and for the reasons that follow, his Amended Complaint is dismissed without prejudice.

As USAC points out, the Amended Complaint does not allege that Mr. Platsky took any new actions to seek review from either USAC or the FCC. Def's Mot. at 1. He does not allege that he sought review from USAC in the first instance, and only appears to allege that he made an informal complaint to the FCC. Am. Compl. at 3–4. Indeed, in his response to USAC's Reply, he stated that "there is no dispute that I bypassed USAC." Dkt. 26, at 1; *see also* Pl's Opp'n at 1-

2 ("Rather than deal with the USAC I brought my complaint to the chief [administrator] of [L]ifeline which, of course, is the FCC.").

As the Court previously explained to Mr. Platsky, he must first seek review from USAC and, if USAC denies his request for Lifeline benefits, he must then seek review from the FCC. If the FCC upholds USAC's denial of his Lifeline benefits, then—and only then—may Mr. Platsky seek review in federal court.[2] As USAC points out, the procedure to file an appeal with it, the first step in this process, is clearly available on the USAC website: https://www.usac.org/about/appeals-audits/appeals.

None of Mr. Platsky's arguments to the contrary are availing. The Court understands him to argue that he should be excused from the exhaustion requirement because he had no notice that he must exhaust his administrative remedies with USAC and the FCC prior to filing suit.[3] Pl's Opp'n at 1–2. This is not a valid basis on which to excuse the statutory exhaustion requirement. *See Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 n.2 (2d Cir. 2001) ("Ignorance of a claim procedure does not defeat the exhaustion requirement."). A court may generally "exercise its discretion to excuse exhaustion under the following circumstances: (1) when there are no facts in dispute, (2) when the disputed issue is outside the agency's expertise, or (3) when requiring exhaustion would be futile." *Conservation Force v. Salazar*, 919 F. Supp. 2d 85, 92 (D.D.C. 2013). None of these circumstances are present here.

---

[2] As USAC observes, the proper forum for federal-court review of Mr. Platsky's claims, following the exhaustion of his administrative remedies, is likely to be in the Court of Appeals. As the Supreme Court has stated, Congress has vested "[e]xclusive jurisdiction for review of final FCC orders" in the "Court of Appeals." *FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468 (1984); *see* 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); *In re FCC*, 217 F.3d 125, 139–40 (2d Cir. 2000) ("Exclusive jurisdiction to review the FCC's regulatory action lies in the courts of appeals.").

[3] In his response to USAC's Reply, Mr. Platsky also appears to argue, for the first time, that he should be excused from exhausting his administrative remedies because his "complaint was served on USAC and they are involved in all aspect[s] of this process." Dkt. 26, at 1. Just because USAC has appeared in this action, however, does not mean they have somehow waived the statutory requirement that Mr. Platsky exhaust his administrative remedies. For the avoidance of doubt, Mr. Platsky must go through the appeals process within USAC and the Commission before review is available in a federal court.

**CONCLUSION**

For the reasons stated above, Mr. Platsky's Amended Complaint is dismissed, without prejudice, because he has not yet exhausted his administrative remedies. Because the Court is dismissing the Amended Complaint on this ground, it need not reach USAC's remaining argument that Mr. Platsky's claim is not ripe for adjudication. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 15, mail a copy of this Memorandum Opinion and Order to Mr. Platsky, with service reflected on the docket, and close this case.

SO ORDERED.

Dated:    February 3, 2026
          New York, New York

Ronnie Abrams
United States District Judge